UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__9/29/2020___
```

---

ALGORITHMIC CAPITAL MARKETS INC,

                              Plaintiff,

    -v-

UNIVERSAL CAPITAL HOLDINGS
GROUP INC,

                              Defendant.

---

No. 19-cv-10505 (MKV)
ORDER DENYING
MOTION TO DISMISS

MARY KAY VYSKOCIL, District Judge:

Plaintiff Algorithmic Capital Markets Inc. ("Algorithmic") filed this action in the New York Supreme Court alleging claims for breach of contract against Universal Capital Holdings Group Inc. ("Universal"), and Universal removed [ECF #1, 1-1]. Universal moves to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [ECF #17, 18, 19 ("Def. Mem."), 24 ("Def. Reply")], on the grounds that: (1) Algorithmic lacks the legal capacity to assert its claims because New Jersey revoked its corporate charter ten years ago [ECF #18-1 ("Revocation")]; and (2) Algorithmic is statutorily barred, by New York Business Corporation Law § 1312, from bringing suit in New York because it lacks a certificate of authority from New York's Secretary of State authorizing it to do business in New York as a foreign corporation [*see* ECF #18-3, 18-4]. Def. Mem. 4–7.

Algorithmic opposes the motion to dismiss [ECF #22 ("Pl. Opp.")]. First, Algorithmic responds that, although its "charter was revoked by the Treasurer of the State of New Jersey on September 16, 2010, Algorithmic cured this by reinstating its incorporation on March 2, 2020" [ECF #22-1 ("Certificate of Reinstatement")], and New Jersey law provides that its

"reinstatement relates back to the date of revocation."  Pl. Opp. 4; N.J. Stat. § 14A:4-5(7)

("reinstatement relates back to the date of issuance of the proclamation revoking the certificate of

incorporation"); *Asbestos Workers Local Union No. 32 v. Shaughnessy*, 306 NJ Super. 1, 5, 703

A2d 276, 278 (Super Ct. App. Div. 1997).  Second, Algorithmic responds that it "obtained a

certificate of authority to do business in the State of New York on March 11, 2020" [ECF #22-4,

22-6] and New York law permits Algorithmic to cure its earlier "failure to obtain a certificate

pursuant to N.Y. Bus. Corp. Law § 1312 at any time prior to resolution of this action by

judgment."  Pl. Opp. 4–5; *Paper Mfrs. Co. v. Ris Paper Co.*, 86 Misc. 2d 95, 97, 381 N.Y.S.2d

959 (Civ. Ct. 1976) ("lack of compliance with section 1312 of the Business Corporation Law can

be cured at any time prior to judgment").  Algorithmic further "requests an award of attorney

fees and actual expenses reasonably incurred based on the frivolity of Universal's Motion."  Pl.

Opp. 6 (citing Fed. R. Civ. P. 54).

In its reply brief, Universal does not dispute the arguments that Algorithmic has the legal

capacity and authority to assert its claims.  Instead, Universal argues that Algorithmic should not

be awarded fees and costs because Algorithmic waited to comply with the New Jersey and New

York laws until after it had filed its complaint and Universal "exposed its failure to comply with

these regulations."  Def. Reply at 1.  Universal also "requests that the Court award Universal

attorney fees and expenses for bringing this motion to dismiss," without offering any argument

or citation to authority.  *Id*. at 2.

IT IS HEREBY ORDERED that the motion to dismiss [ECF #17] is DENIED because

Universal effectively concedes that Algorithmic has the capacity and authority to assert its

claims, *see* Def. Reply at 1; *see also Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d

Cir. 1998) ("a district court may rely on matters of public record in deciding a motion to dismiss

under Rule 12(b)(6)"); N.J. Stat. § 14A:4-5(7); Certificate of Reinstatement [ECF #22-1]; *Paper*

*Mfrs. Co.*, 86 Misc. 2d at 97.  The parties' requests for attorneys' fees and costs for engaging in

ordinary motion practice are also DENIED.  Universal shall file its answer by October 14, 2020.

**SO ORDERED.**

**Date:  September 29, 2020**
      **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**